Michael C. Hughes, Esq. (049172013)
**POLSINELLI PC**
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mhughes@polsinelli.com
*Counsel for Defendant Community Loan Servicing, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARGARET ROSE,<br><br>         Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, LOAN CARE LLC, and COMMUNITY LOAN SERVICING LLC,<br><br>         Defendants. | Case No. 3:23-cv-21102 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Polsinelli PC

/s/ Michael C. Hughes
Michael C. Hughes, Esq.
600 Third Avenue, 42nd Floor
New York, NY 10016
Phone: (212) 684-0199
mhughes@polsinelli.com
*Counsel for Defendant Community Loan Servicing, LLC*

87219841.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................................... 2

    I.    Plaintiff's Mortgage and Subsequent Bankruptcy. ............................................................ 2

ARGUMENT .................................................................................................................................. 4

    I.    Plaintiff's Complaint Fails To State A Claim and Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6). ................................................................................................................ 4

    i.    Plaintiff's FCRA Claims Fail Because CLS' historical credit reporting is accurate. ...... 5

    ii.    Plaintiff Cannot Maintain a FCRA Claim Based on Disputes Filed Directly with CLS. 8

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alvandi v. Fid. Capital Holdings, Inc.*,
  677 F. App'x 343 (9th Cir. 2017) ...................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................................4, 5

*Bibbs v. Trans Union LLC*,
  521 F. Supp. 3d 569 (E.D. Pa. 2021), *aff'd,* 43 F.4th 331 (3d Cir. 2022) ......................7

*Block v. Seneca Mortg. Servicing*,
  221 F. Supp. 3d 559 (D.N.J. 2016) ..................................................................................2

*Burrell v. DFS Servs., LLC*,
  753 F. Supp. 2d 438, 448 (D.N.J. 2010) ..........................................................................9

*Fernandez v. Great Lakes Educ. Loan Servs., Inc.*,
  2021 WL 3857864 (E.D. Pa. Aug. 30, 2021) ...................................................................6

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .............................................................................................5

*Holland v. Chase Bank USA, N.A.*,
  475 F. Supp. 3d (S.D.N.Y. 2020) ......................................................................................6

*Holland v. Trans Union, LLC*,
  2021 WL 5804375 (E.D. Pa. Dec. 7, 2021) ......................................................................7

*Ingram v. Experian Info. Sols., Inc.*,
  83 F.4th 231, 234–35 (3d Cir. 2023) ................................................................................9

*Kilpakis v. JPMorgan Chase Fin. Co.*,
  LLC, 229 F. Supp. 3d 33 (E.D.N.Y. 2017) .......................................................................6

*Mohnkern v. Equifax Information Services, LLC*,
  No. 19-CV-6446L, Slip ....................................................................................................6

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997) .............................................................................................5

*Ostreicher v. Chase Bank USA, N.A.*,
  No. 19-CV-8175, Slip .......................................................................................................6

*Scalercio-Isenberg v. TransUnion, LLC*,
  No. 20-cv-11222 (SDW) (AME), 2022 WL 2666947 (D.N.J. July 11, 2022) ..........................7

*Seaman v. Temple Univ.*,
  744 F.3d 853 (3d Cir. 2014)................................................................................................7

*Thomas v. Equifax Information Servs.*,
  No. 3:19-cv-00286, 2020 WL 1987949 (S.D. Ohio 2020) ........................................................6

*Walker v. Great Lakes Educ. Loan Servs., Inc.*,
  No. 21-cv-14976 (SDW) (ESK), 2022 WL 2713889 (D.N.J. July 12, 2022)............................7

*Wenning v. On-Site Manager, Inc.*,
  2016 WL 3538379 (S.D.N.Y. 2016).......................................................................................6

*Zinermon v. Burch*,
  494 U.S. 113 (1990)..............................................................................................................5

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ..............................................1, 2, 4, 6, 7, 8, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................................................2, 4, 5, 6

iii

Defendant Community Loan Servicing, LLC ("Defendant" or "CLS"), by its attorneys Polsinelli PC, submits this memorandum of law in support of its motion to dismiss the Complaint filed by Plaintiff Margaret Rose ("Plaintiff" or "Rose") pursuant to Federal Rules of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff predicates this action upon the misguided belief that CLS inaccurately reported the status of her residential home mortgage account to credit reporting agencies. She claims that she disputed CLS' reporting to the credit bureaus but that CLS failed to conduct a reasonable investigation, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Specifically, Plaintiff complains that CLS marked her mortgage loan as "discharged in bankruptcy" and that she has been damaged as a result thereof. But her claims are incorrect - her credit report in question does not reflect this notation – but instead accurately indicates that the account was included in a Bankruptcy Chapter 13 plan.

Plaintiff contends any reference to her bankruptcy should have been removed from the tradeline of the Loan *after* the bankruptcy was discharged in September 2022. What plaintiff declines to concede in her pleading is that CLS stopped servicing the loan in May of 2022 – roughly four months prior to the closure of her bankruptcy – and that when CLS reported Plaintiff's bankruptcy while that proceeding was active it was indisputably accurate. This is consistent with Plaintiff's May 2023 credit report, which indicates CLS' last credit reporting on her loan took place in May 2022.

Plaintiff also claims CLS failed to respond to a June 2023 dispute about the reporting of the Loan, but does not make any mention of CLS' letters sent to Plaintiff, first acknowledging the correspondence and, then, advising Plaintiff that CLS deleted the tradelines entirely. Interestingly,

by Plaintiff's own admission in the Complaint and pursuant to the documents appended to the pleading, the CLS account at issue (1) is closed, (2) is not reflected in the most recent credit report from August 2023, and (3) is not being reporting with any reference to Plaintiff's bankruptcy.

The exhibits appended to the pleading make clear that CLS' credit reporting was accurate through May 2022, when it ceased servicing the mortgage and stopped credit reporting the mortgage account. Those same documents also demonstrate that, once CLS was asked to validate the previous debt, CLS deleted the tradelines for the account. Plaintiff is therefore mistaken that CLS committed any statutory violation as it relates to the historical credit reporting and the Complaint must be dismissed as to CLS.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts pertinent to this motion, as generally asserted by Plaintiff in the Complaint, and as contained in public records and documents incorporated by reference and/or relied upon by Plaintiff in framing the Complaint,[1] are as follows:

### I.    **Plaintiff's Mortgage and Subsequent Bankruptcy.**

In March 2013, Plaintiff secured a first mortgage on the property located at 404 Florence Avenue, Union Beach, New Jersey 07735 (the "Property"). *See* ECF Doc. No. 1 at p. 5, ¶ 11. Thereafter, in August 2016, Plaintiff obtained a second mortgage on the Property, with Loancare, which was assigned loan number 623002178xxxx (the "Loan"). *See* ECF Doc. No. 1 at p. 5, ¶ 14. On November 14, 2019, Plaintiff filed for bankruptcy. *See* ECF Doc. No. 1 at p. 5, ¶ 15. The bankruptcy plan was confirmed on April 14, 2020. *See* ECF Doc. No. 1 at p. 5, ¶ 16.

---

[1] Within the Motion, the Defendant has submitted documents that are expressly referenced and/or invoked by the allegations in Plaintiff's Complaint. *See Block v. Seneca Mortg. Servicing,* 221 F. Supp. 3d 559 (D.N.J. 2016) (a district court ruling on a motion to dismiss may consider documents integral to or explicitly relied upon in the complaint without converting the motion into one for summary judgment). Pursuant to this well-established Third Circuit precedent, the documents submitted by the Defendants are the type that may be considered on a FRCP 12 motion to dismiss.

2

In December 2021, the servicing of the Loan transferred to CLS and the Loan was assigned loan number 628000243xxxx. *See* ECF Doc. No. 1 at p. 6, ¶ 17. Effective June 1, 2022, CLS stopped servicing the Loan and servicing transferred to another entity. *See* Declaration of Michael C. Hughes ("Hughes Decl."), at Exhibit 1, which is a true and accurate copy of the Notice of Servicing Transfer dated May 13, 2022. On September 7, 2022, months after CLS stopped servicing the Loan, Plaintiff was discharged from bankruptcy. *See* ECF Doc. No. 1 at p. 6, ¶ 19.

In or around May 2023, Plaintiff obtained her credit report. *See* ECF Doc. No. 1 at p. 6, ¶ 28. At that time, her credit report listed the CLS tradeline for the Loan with a notation that the last activity dates of May 1, 2022 and June 1, 2022. *See* ECF Doc. No. 1-5 at p. 5. In June 2023, Plaintiff sent a dispute to CLS contesting the credit reporting and, in effect, requested that CLS validate the credit reporting. *See* ECF Doc. No. 1 at p. 14, ¶ 60; *see also* Hughes Decl., at Exhibit 2. In her letter, Plaintiff referenced the disputes sent to the credit bureaus, in which she claims that all references to the bankruptcy should have been removed "when I was discharged on September 7, 2022." *See* ECF Doc. No. 1-6, 1-7, 1-8. Plaintiff alleges that CLS did not respond to the dispute. *See* ECF Doc. No. 1 at p. 15, ¶ 65. However, on July 14, 2023, CLS wrote to Plaintiff acknowledging the correspondence and advising that it would provide a response. *See* Hughes Decl., Exhibit 3. On August 7, 2023, CLS sent a letter to Plaintiff confirming that CLS deleted the tradeline for the Loan. *See* Hughes Decl., at Exhibit 4.

On or about October 12, 2023, Plaintiff filed the Complaint in this lawsuit, alleging, among other things, that CLS violated the FCRA by failing to conduct a reasonable investigation into the allegations following Plaintiff's dispute. *See* ECF Doc. No. 1 at p. 23, ¶ 115. In her Complaint, Plaintiff acknowledges that the CLS account for the Loan is closed. *See* ECF Doc. No. 1 at p. 6, ¶

23. Plaintiff also acknowledges that the CLS tradeline for the Loan no longer appears on the August 2023 credit report. *See* ECF Doc. No. 1-10.

## ARGUMENT

I. **Plaintiff's Complaint Fails To State A Claim and Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

The Complaint warrants dismissal pursuant to FRCP 12(b)(6), which allows a party to move for dismissal based on the pleader's "failure to state a claim upon which relief can be granted," as the pleading is bereft of the minimum descriptions and allegations required to permit defendants to know what it is they're accused of in this case. In essence, Plaintiff complains of historical reporting of the Loan, which was accurate at the time it was rendered. Plaintiff admits, through her documents, that CLS did not continue to report the Loan after June 2022, when servicing transferred to another entity. Further, Plaintiff acknowledges that the tradeline for the Loan was deleted prior to the initiation of this lawsuit and that CLS is not credit reporting on the Loan. Even under a generous reading of the pleading in a light most favorable to Plaintiff, the allegations do not and in fact cannot sustain a claim that CLS violated the FCRA as it (1) accurately reported the Loan while it was servicing the Loan, (2) stopped reporting of any kind after service of the Loan transferred, (3) had no affirmative obligation to retroactively amend the historical reporting, and (4) responded to Plaintiff's written request and deleted the tradeline. All of the above reasons require dismissal of the Complaint pursuant to FRCP 12(b)(6).

To defeat a motion to dismiss, a plaintiff must plead facts that "raise the right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007), and state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Third Circuit has explained that, after *Twombly* and *Iqbal*, a court's inquiry under Rule 12(b)(6) should consist of a two-part analysis: first, factual and legal elements of claim should be separated and

district court must accept all of complaint's well-pleaded facts as true but may disregard any legal conclusions, and district court must then determine whether facts alleged in complaint are sufficient to show that plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). In short, a complaint must do more than "allege plaintiff's entitlement to relief and has to show such an entitlement with its facts." *Id.* A claim of wrongdoing is not plausible, and cannot survive a motion to dismiss, if the allegations on which it is based are "not only compatible with, but indeed [are] more likely explained by, lawful ... behavior." *Iqbal*, 556 U.S. at 680.

The Court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). Plaintiffs, however, must do more than simply set out the elements of their claims; they must plead "'a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. at 234 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Id.*

i.  **Plaintiff's FCRA Claims Fail Because CLS' historical credit reporting is accurate.**

In order to plead a claim for FCRA violation of inaccurate credit reporting, Plaintiff would have to allege that the historical reporting that CLS submitted on the Loan was not true. Plaintiff

5

cannot sustain an allegation of FCRA violation against CLS for its credit reporting, which ended in June 2022, because the reporting was accurate at the time.

"A 'prima facie showing of inaccurate reporting' is … essential to maintaining a § 1681s-2(b) claim . . . ." *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d, 272, 276 (S.D.N.Y. 2020) (quoting *Alvandi v. Fid. Capital Holdings, Inc.*, 677 F. App'x 343, 355 (9th Cir. 2017)). "Credit information can be deemed to be 'inaccurate' if it is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Mohnkern v. Equifax Information Services, LLC*, No. 19-CV-6446L, Slip Copy 2021 WL 5239902, *4 (W.D.N.Y. 2021) (quoting *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175, Slip Copy 2020 WL 6809059, *3 (S.D.N.Y. 2020)). To be sufficiently misleading, the reported information must be "open to an interpretation that is directly contradictory to the true information." *Wenning v. On-Site Manager, Inc.*, 2016 WL 3538379, *9 (S.D.N.Y. 2016).

Courts throughout the country have overwhelmingly rejected and dismissed the very same claims brought by Plaintiff, holding instead that credit reports must be read as a whole and that reporting a historical pay status on a closed account with a $0 balance is not inaccurate or misleading. *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 33, 141-42 (E.D.N.Y. 2017); *Thomas v. Equifax Information Servs.*, No. 3:19-cv-00286, 2020 WL 1987949, *6 (S.D. Ohio 2020) (reviewing a report in its entirety, concluding no reasonable person could be misled into believing that plaintiff has any ongoing monthly obligation on an account with a $0 balance); *Fernandez v. Great Lakes Educ. Loan Servs., Inc.*, No. CV 19-144, 2021 WL 3857864, at *6 (E.D. Pa. Aug. 30, 2021) ("district courts both in this Circuit and throughout the country have routinely granted defendants' dispositive motions on plaintiffs' § 1681s-2(b) claims that the reporting of

terms of a closed account with zero balance, yet with the pay status listed as past due is not 'patently incorrect' or 'misleading.'").

"A credit report is inaccurate if the information in the report is factually incorrect or 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" *Walker v. Great Lakes Educ. Loan Servs., Inc.*, No. 21-cv-14976 (SDW) (ESK), 2022 WL 2713889, at *4 (D.N.J. July 12, 2022) (alteration in original) (quoting *Seaman v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)). A court views the information on a consumer's credit report "through the lens of a person in a position to make an adverse decision based on a credit report, *i.e.,* a creditor." *Id.* at *3 (quoting *Bibbs v. Trans Union LLC,* 521 F. Supp. 3d 569, 574 (E.D. Pa. 2021), *aff'd,* 43 F.4th 331 (3d Cir. 2022)). "In other words, it does not matter whether the report is inaccurate or misleading in the *consumer's* opinion." *Id.* at *4 (emphasis in original) (quoting *Holland v. Trans Union, LLC,* No. 21-cv-152, 2021 WL 5804375, *4 (E.D. Pa. Dec. 7, 2021)). Critically, the FCRA does not require CRAs to resolve "collateral attacks on the legal validity of … underlying debts." *Scalercio-Isenberg v. TransUnion, LLC,* No. 20-cv-11222 (SDW) (AME), 2022 WL 2666947, at *3 (D.N.J. July 11, 2022).

As established here in the Complaint, CLS only reported on Plaintiff's Loan until June 2022. In fact, the relevant credit report that Plaintiff highlights from May 2023 confirms that CLS stopped reporting beyond June 2022, that the account was closed, and, critically, that the account was not disputed. *See* ECF Doc. No. 1-5 at page 5. While Plaintiff alleges that the reporting incorrectly claimed the Loan was discharged through bankruptcy, a review of the entire tradeline merely states the existence of a bankruptcy. Plaintiff herself claims that the only issue with the reporting is that it was not deleted after her bankruptcy closed in September 2022 – nearly three months after CLS stopped reporting on the Loan. Plaintiff does not allege that CLS should have

7

continued to monitor her accounts after it had no interest in the Loan and then affirmatively make changes – which is not its obligation.

Here, Plaintiff simply fails to state a claim for FCRA violations as to CLS. The Complaint does not adequately allege any cause of action, as Plaintiff's own allegations demonstrate that CLS accurately credit reported the Loan up until May 2022, which servicing of the Loan transferred away from CLS. Further, Plaintiff admits that her bankruptcy closed several months after CLS had no obligation to credit report on the Loan, and does not allege that CLS had a continuing obligation to report the Loan or that CLS did actually report the Loan at that time. Instead, Plaintiff admits that she contacted CLS after her bankruptcy and, in response, CLS deleted the relevant tradelines for the Loan, for Plaintiff's benefit. Finally, Plaintiff admits that the CLS tradeline has been deleted and that the account is closed. The Complaint does not allege that CLS is currently reporting inaccurate information on the tradeline. Nowhere in the Complaint does Plaintiff allege the type of conduct that violates the FCRA. As Plaintiff has not articulated any cause of action here nor adequately put either defendant on notice of what they purportedly did wrong, the Complaint should be dismissed.

ii. **Plaintiff Cannot Maintain a FCRA Claim Based on Disputes Filed Directly with CLS.**

Plaintiff alleges that CLS purportedly violated the FCRA by failing to respond to a dispute. Plaintiff ignores the well-settled law in this Circuit that a dispute made directly to a furnisher cannot form the basis of a FCRA violation. Even if a direct dispute could result in a violation, which it cannot, Plaintiff would be prohibited from bringing such as claim, as the documents establish that CLS did in fact respond – in two separate letters – to Plaintiff's written correspondence on the Loan. In July and August 2023 – nearly fifteen months after servicing of the Loan transferred away from CLS and it stopped credit reporting on the Loan – CLS did timely

8

respond to Plaintiff's request to validate the debt and in fact deleted the tradelines entirely. For these reasons, Plaintiff's FCRA claims should be dismissed.

A furnisher of credit information is required to investigate and correct inaccurate charges only "[a]fter receiving notice pursuant to [15 U.S.C. § ] 1681i(a)(2) ... of a dispute" regarding those charges. 15 U.S.C. § 1681s–2(b)(1). As this Court has held, Section 1681 i(a)(2) requires credit rating agencies—not the consumers themselves—to provide such notice to furnishers within five business days from the time the consumer notifies the credit rating agency of a dispute. *See Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 448 (D.N.J. 2010); *see also Ingram v. Experian Info. Sols., Inc.*, 83 F.4th 231, 234–35 (3d Cir. 2023) (holding that furnishers are permitted to find that a direct dispute submitted by a consumer is frivolous). Therefore, a consumer cannot maintain a claim under subsection (b) of 15 U.S.C. § 1681s–2 based on disputes filed directly with the furnisher. *See Burrell*, 753 F. Supp. 2d. at 448. Rather, the consumer must communicate such disputes to a credit rating agency, which is then obligated to pass them on to the furnisher. *Id.*

Based on the language of the FCRA itself, Plaintiff cannot maintain a claim against CLS for CLS' alleged failure to respond to Plaintiff's June 2023 written correspondence. The analysis should end there and the claim should be stricken.

In the alternative, even if this Court were to ignore Plaintiff's misapprehension of the statute, the claim would still fail because it is undisputed that CLS responded to the direct dispute, on two separate occasions, and actually deleted the tradelines for the mortgage account. Curiously, the Complaint lacks any reference to these steps taken by CLS, as Plaintiff fails to inform this Court that CLS acted even though it no longer had an interest in the Loan. Plaintiff even admits that the CLS tradeline was deleted and does not appear on the August 2023 credit report, yet she still maintains that CLS failed to respond.

Since the FCRA does not impose liability for CLS' alleged failure to respond to a direct dispute of the credit reporting on the mortgage account, the FCRA claims on this basis must fail.

## CONCLUSION

For all of these reasons, the Defendant respectfully request that this Court grant its motion to dismiss the Complaint with prejudice.

Dated: December 15, 2023

Respectfully Submitted,

Polsinelli PC

/s/ Michael C. Hughes
Michael C. Hughes, Esq.
600 Third Avenue, 42nd Floor
New York, NY 10016
Phone: (212) 684-0199
mhughes@polsinelli.com
*Counsel for Defendant Community Loan Servicing, LLC*